The writ is dismissed and the prisoner remanded.

Writ dismissed and prisoner remanded.

<hr>

City Court of Yonkers, May, 1896. Unreported.

## PEOPLE v. PATRICK DOOLING.

KELLOGG, J.  By section 35 of the Liquor Tax Law, all proceedings, except as otherwise provided by said law, instituted for the punishment of any violation of the provisions of the Liquor Tax Act, the penalties for which are prescribed in section 34, shall be prosecuted by indictment by the grand jury of the county in which the crime was committed, and by trial in a court of record having jurisdiction for the trial of crimes of the grade of a felony, except that a magistrate may issue a warrant of arrest upon the information and depositions, and examine the case as now provided by law.

Was the act alleged in the complaint now before me a violation of the provisions of the Liquor Tax Law? I think it was. The Liquor Tax Law went into effect March 23, 1896, at 11:30 a. m. By subdivision G, section 31 thereof, it is made unlawful for a person, whether having paid a tax or not, to have any door unlocked from the street to the room or rooms where any liquors are sold or offered for sale during the hours when the sale of liquors is forbidden, except when necessary for the egress or ingress of the person or members of his family for the purposes not forbidden by this act.

The complaint alleges that the door leading to the place of the license where liquors are sold or kept for sale was unlocked from Main street, in Yonkers, on Sunday, April 26, 1896. Since this is alleged to have occurred on Sunday, it occurred during the hours when the sale of liquor is forbidden by the act, and was,

therefore, a violation of one of the provisions of the Liquor Tax Law.

It now remains to be considered how shall the defendant be tried; that is, as heretofore, in the Court of Special Sessions, with or without a petit jury, or in a manner set forth in section 35 of the Liquor Tax Act — to wit, by examination before the committing magistrate. I think by the latter method. To be sure, section 4 of the Liquor Tax Law says, among other things: "The rights and liabilities of the holder thereof (that is, of the license now in force under the old law) during the term of such license shall be governed by the laws in force immediately prior to the taking effect of this Liquor Tax Act, except as otherwise expressly provided in the act."

I hold that this applies exclusively to his rights and liabilities so far as affected by the old License Law; and does not mean that, if such licensee violates any provision of the present act, redress for such violation must be governed by the old Excise Law under which he is a licensee, but that redress for the violation of the above-mentioned or any provision of the Liquor Tax Act by the licensee under the old Excise Law must be had after the manner set forth in section 35 of the said Liquor Tax Act — to wit, by examination of the defendant, and the finding or not finding of sufficient cause to believe the person or persons charged with such crime guilty thereof.